STEEDE *v.* FERRER *et al.**

(Division B. April 16, 1928.)

[116 So. 616. No. 27085.]

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 900, n. 98; Quieting Title, 32Cyc, p. 1372, n. 26.

712

*Ford, White, Graham & Gautier,* for appellant.

*Horace Bloomfield,* for appellees.

Argued orally by *E. J. Ford,* for appellant, and *Horace Bloomfield,* for appellee.

ETHRIDGE, P. J. The appellant was complainant in the court below, and filed her bill against Charles Ferrer, E. Angellette, and Ben Bosarge to confirm title to certain tracts of land. She claimed title through a foreclosure proceeding under a deed of trust given by Ben Bosarge to A. C. Steede, her husband, who was, at the time suit was brought, dead, and of whose estate she was the sole beneficiary. There was a denial of the legality of the foreclosure proceedings, and a defense that the debt for which the deed of trust to be foreclosed was predicated was void because of the charge of twenty per cent. interest on said loan. All parties claimed through a common source, the common source being Ben Bosarge.

The defendant Ferrer claimed three tracts through quitclaim from Ben Bosarge, and claimed two tracts under a sheriff's deed. Angellette claimed one tract under a sheriff's deed. The said sheriff's deeds were executed as a result of a sale under a judgment rendered against Ben Bosarge and others on an appearance bond.

The complainant, in order to make out her case, introduced deeds making up her deraignment of title, the deed of trust from Bosarge to F. H. Lewis, trustee, given to secure a note for four hundred ten dollars to A. C. Steede, and the foreclosure proceedings and trust deed from F. H. Lewis.

The defendant introduced R. A. Roberts, who testified that at the request of Bosarge he visited A. C. Steede to ascertain if he would loan Bosarge some money; that Steede told him he would make the loan at twenty per cent. The witness did not fix the exact date on which this interview took place. He testified that he had no personal knowledge of any loan ever having been made.

A witness named Canty, who was clerking in the store of Steede, testified that he heard Bosarge talking to Steede, heard Steede say something about charging twenty per cent., saw them go out of the store together, and that Steede had a piece of white paper in his hand, but that he (the witness) did not know what it was.

Another witness, Lawrence Bosarge, brother of Ben Bosarge, claimed to have been with Ben Bosarge at the time Ben borrowed the money from Steede; that he went with Ben to Steede's store. He testified that Steede let Bosarge have money, for the use of which he charged him twenty per cent., with six per cent. added; that he saw the money paid over at the store. He did not remember whether it was paid in cash, or by check, but thought it was paid in cash. He did not know what amount of money his brother got. He said, "All I know is, Ben said he got the money at twenty per cent.

There was an admitted payment on the note, and a disputed item of payment of fifty-six dollars. There was produced a receipt showing a payment of one hundred twenty-five dollars, and Lawrence Bosarge testified that he saw Ben Bosarge pay Steede fifty-six dollars a good long time after he got the money. There was also introduced in evidence the execution deeds through which the other defendants claimed title.

After the defendant's evidence was introduced, as above stated, Mrs. Steede was introduced, and testified, over objection, that her husband, on the day in question, let Ben Bosarge have money to the amount of sixty-eight dollars, in cash, at their home.

A. C. Steede, the beneficiary in the deed of trust, was dead, and this witness, his widow, was his sole heir.

A check was introduced, and an officer of the bank testified that the check for three hundred forty-one dollars and sixty-eight cents was given the bank by A. C. Steede on the 9th day of April, 1923, to take up a note due the bank by Ben Bosarge. The check itself was introduced in evidence. This employee of the bank testified as to the payment of the note as above stated.

The chancellor, in his oral opinion, stated:

"I do not believe that testimony (referring to the testimony of Mrs. Steede), considering the whole situation and the manner in which this latter testimony was delivered. There may at some time have been a meeting of these parties at her private home, but not for the purpose of paying sixty-eight dollars and some odd cents in cash. I find this testimony to be untrue. It is true that a judicial officer is not ordinarily authorized to disbelieve the testimony of an undisputed witness, but this testimony seems neither reasonable or plausible. It bears all the earmarks of an afterthought. As a matter of law, moreover, I find that Mrs. Steede is a disqualified witness under the authority of the case of *Whitehead* v. *Kirk,* 104 Miss. 776, 61 So. 737, 62 So. 432, 51 L. R. A. (N. S.) 187, Ann. Cas. 1916A, 1051."

It is argued that the witness was not disqualified under the *Whitehead* v. *Kirk* case, and that, furthermore, the chancellor had no right to disregard the testimony of this witness; that the evidence introduced was insufficient to warrant the chancellor's finding; and that there was no conflict in the evidence which would warrant the chancellor in disbelieving Mrs. Steede's testimony.

We are of the opinion that the evidence was conflicting; that, under the state of the evidence in the record, the chancellor was warranted in disbelieving Mrs. Steede's statement; that as he expressly stated that he

did disbelieve it, the evidence warranted his decree dismissing the bill.

The testimony showed, we think, sufficiently that twenty per cent. interest was charged at the time of making the loan, and by adding twenty per cent. to the amount of the checks which A. C. Steede paid the bank to take up the Miller note of Bosarge, makes it highly probable that the note secured by the deed of trust was made up of the three hundred forty-one dollars and sixty-eight cents, evidenced by the check to the bank, and the addition of the twenty per cent. interest charged.

In this view of the case it is unnecessary to state whether witness, Mrs. Steede, was disqualified by the statute or not. Conceding, for the purpose of this decision, that she was a competent witness, the chancellor was warranted in disbelieving her testimony; and, as he expressly stated that he did disbelieve it, the judgment must be affirmed.

*Affirmed.*